UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELEVATED AG, LLC** et al.,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>**KEVIN ASSEMI**,<br><br>　　　　Defendant.<br>_____/ | Case No.: 1:24-cv-01372-KES-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED**<br><br>(Doc. 8)<br><br>OBJECTIONS DUE: 21 DAYS |

### I.　INTRODUCTION

Plaintiffs Elevated AG, LLC ("Elevated") and Maricopa Orchards, LLC ("Maricopa"), initiated this action against Kevin Assemi, who proceeds *pro se*, by filing a complaint on November 8, 2024. (Doc. 1 ("Compl.")). Defendant filed the instant Motion to Dismiss on February 11, 2025. (Doc. 8 ("MTD")). Plaintiffs filed their opposition on February 24, 2025. (Doc. 13). Plaintiff did not file an optional reply. The motion was referred to the undersigned for the preparation of findings and recommendations. (*See* Doc. 12).

The Court has reviewed the Defendant's Motion to Dismiss and finds the matter suitable for decision without oral argument. For the reasons set forth below, the undersigned recommends that Defendant's Motion to Dismiss, (Doc. 8), be granted.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

**A.     Underlying Facts**

The parties to this litigation were, at one time, business associates. (Compl. ¶ 3). Defendant Kevin Assemi, a licensed attorney, held the position of CEO of Maricopa in 2019. (*Id.* ¶ 15). Plaintiffs Elevated and Maricopa allege that Defendant's position as CEO of Maricopa was terminated after about six months, without a written severance agreement. (*Id.* ¶¶ 16–17). Subsequently, Defendant convinced his family and friends to invest in Elevated, an agricultural enterprise that was created in September 2020 with five original members—Defendant, Maricopa, Jeremy Yurosek, Devon Yurosek, and Malakan Investments, LLC. (*Id.* ¶¶ 18–20).

The original operating agreement executed by those members and filed with the Secretary of State of California bore a unique identification number. (*Id.* ¶ 21). Per that agreement, Plaintiffs allege that Elevated's original managers were Defendant, Jeremy Yurosek, and Devon Yurosek, with Defendant running the day-to-day business. (*Id.* ¶ 22). Plaintiffs allege that in 2021 and 2022 Defendant's behavior became erratic and in December 2022, the Plaintiffs and other members amended the operating agreement to remove Defendant as a manager and transfer Jeremy Yurosek and Devon Yurosek's interests to Maricopa, giving Maricopa a majority ownership interest. (*Id.* ¶¶ 23–27). Plaintiffs contest that in 2023 Defendant, who had been removed as a manager, induced an Elevated client who was unaware of the change in management to wire payment of multiple invoices amounting to at least $360,691.63, to his own personal bank account representing it to be that of Elevated. (*Id.* ¶¶ 32–37, 43–55). Plaintiffs further allege that Defendant (1) made false representations, (2) presented forged documents, and (3) indicated that he was seeking to instigate multiple enforcement related actions related to what he alleged to be the seeking of fraudulent loans by Elevated to stop a funding transaction between AgWest and Elevated that had been negotiated based Maricopa's longstanding business relationship with AgWest. (*Id.* ¶¶ 59–74). Plaintiffs contend that the funding deal was ultimately abandoned by AgWest in response to Defendant's representations harming Elevated and Maricopa. (*Id.* ¶¶ 74–76).

**B.     Prior Litigation**

On December 15, 2023, Kevin Assemi filed a complaint for damages and injunctive

1  relief in Fresno County Superior Court naming Elevated and Maricopa, along with various
2  individuals and entities as defendants, alleging claims of (1) fraud in the inducement, (2) breach of
3  contract (failure to make contributions), (3) breach of contract (failure to make additional capital
4  contributions), (4) breach of contract (failure to comply with contract terms in purchase of minority
5  member interest), (5) breach of the duty of care, (6) unfair business practices, (7) negligent
6  misrepresentation, (8) misappropriation / conversion, (9) breach of the obligation of good faith and
7  fair dealing, (10) breach of the duty of care, (11) wrongful termination in violation of public policy,
8  (12) retaliation in violation of California Labor Code Section 1102.5, (13) civil extortion, (14)
9  breach of contract (failure to pay in full severance), (15) misappropriation of trade secrets, (16)
10 declaration of rights, (17) accounting, (18) unjust enrichment, (19) misappropriation / conversion,
11 (20) malpractice, and (21) constructive trusts, in addition to several derivative claims, including
12 RICO claims. *See Assemi v. Assemi*, No. 1:23-cv-01741-EPG (Doc. 1).

13  On December 19, 2023, Defendants Elevated and Maricopa removed the action to this court.
14 *See id.* On January 4, 2024, Plaintiff filed a notice of *lis pendens*. *Id.* (Doc. 9). On February 26,
15 2024, Defendants filed counterclaims against Plaintiff for (1) civil theft, (2) conversion, and (3)
16 breaches of fiduciary duties. *Id.* (Doc. 13). On March 6, 2024, Plaintiff filed a first amended
17 complaint alleging 31 counts, including two new federal claims (for violations of federal civil RICO
18 and misappropriation of trade secrets). *Id.* (Doc. 26). On April 21, 2024, Plaintiff filed a notice of
19 dismissal without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). *Id.* (Doc.
20 48).

21  On April 21, 2024, Defendants filed a motion to amend their counterclaim, seeking to add
22 several federal claims. *Id.* (Doc. 52). On May 23, 2024, Plaintiff sought to withdraw the *lis*
23 *pendens*. *Id.* (Doc. 63). While Defendants argued that the Court retained jurisdiction over the case
24 despite the dismissal of Plaintiff's claims—in part due to the pending motion seeking leave to
25 amend their counterclaims to add federal claims, *see id.* (Doc. 54)—the District Court evaluated
26 whether the 28 U.S.C. § 1367(c) factors supported the exercise of supplemental jurisdiction and
27 ultimately declined to exercise supplemental jurisdiction over the pending state law counterclaims
28 in light of the dismissal of Plaintiff's federal claims. *Id.* (Doc. 85). The District Court also observed

that the state court had concurrent jurisdiction over the counterclaims Defendants sought to add and that those federal claims may have been asserted to avoid remand, which provided an additional reason to remand the case. *Id.* (Doc. 85 at 4 n.1 (citing *Carnegie-Mellon v. Cohill*, 484 U.S. 343, 357 (1988) ("A district court can consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case. If the plaintiff has attempted to manipulate the forum, the court should take this behavior into account in determining whether the balance of factors to be considered under the pendent jurisdiction doctrine support a remand in the case.")).

### C.   Present Litigation

The day after the district court remanded the prior case, Elevated and Maricopa filed a new federal action against Kevin Assemi alleging state law claims, along with a Lanham Act claim and two Declaratory Judgment Act claims seeking declarations of non-liability under civil RICO, *see* 18 U.S.C. §§ 1961(5), 1962(b), and the Defense of Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 et. seq. (Doc. 1). Defendant Assemi filed a motion to dismiss shortly thereafter.

### V.   LEGAL STANDARDS

### A.   Jurisdiction

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction over civil actions. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived. *United States v. Cotton*, 535 U.S. 625, 630 (2002). Accordingly, either party may raise lack of subject matter jurisdiction at any point during the litigation through a motion to dismiss pursuant to Rule 12(b)(1). *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006); *see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas*, 559 F.3d 1041, 1043–44 (9th Cir. 2009). Lack of subject matter jurisdiction may also be raised by the district court *sua sponte*. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Indeed, "courts have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Id.*; *see* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss the action if subject matter jurisdiction is lacking).

In cases in which the alleged basis for federal jurisdiction is federal question, "[a] federal court may dismiss [such a claim] for lack of subject matter jurisdiction 'only if (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purposes of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous.'" *Leeson v. Transam. Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) (quoting *Bell v. Hood*, 327 U.S. 678, 682–83 (1946)).

There is also a specific inquiry a court must conduct with regard to its jurisdiction over claims in which a plaintiff seeks relief under the Declaratory Judgment Act. The Declaratory Judgment Act permits a court to "declare the rights and other legal relations" of parties to "a case of actual controversy." 28 U.S.C. § 2201(a). "The 'actual controversy' requirement of the Act is the same as the 'case or controversy' requirement of Article III of the United States Constitution." *Societe de Conditionnement en Aluminun v. Hunter Eng'g Co.*, 655 F.2d 938, 942 (9th Cir. 1981). Therefore, when faced with a claim for relief brought under the Declaratory Judgment Act, a court "must first inquire whether there is an actual case or controversy within its jurisdiction." *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005). "Second, if the court finds that an actual case or controversy exists, the court must decide whether to exercise its jurisdiction." *Id.*

To present a justiciable case or controversy, a plaintiff must allege facts that, "under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Shell Gulf of Mex. Inc. v. Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 635 (9th Cir. 2014); *see also Rhoades v. Avon Pros., Inc.*, 504 F.3d 1151, 1157 (9th Cir. 2007) ("When presented with a claim for a declaratory judgment, . . . federal courts must take care to ensure the presence of an actual case or controversy, such that the judgment does not become an unconstitutional advisory opinion."). Put another way, a controversy exists where a plaintiff alleges facts showing that the parties' dispute is "definite and concrete, touching the legal relations of parties having adverse legal interests; and that it [is] real and substantial and admit of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *MGA Ent., Inc. v. Louis Vuitton Malletier, S.A.*, 2019 WL 2109643, at

*2 (C.D. Cal. May 14, 2019) (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007)).

The Ninth Circuit has applied the "reasonable apprehension test" to determine whether a controversy exists in a declaratory judgment action. *See San Diego Cnty. Credit Union v. Citizens Equity First Credit Union*, 65 F.4th 1012, 1023 (9th Cir. 2023) ("We have applied [ ] the 'reasonable apprehension' test to determine whether a controversy exists in a declaratory judgment action") (citing *Societe de Conditionnement en Aluminium*, 655 F.2d 938, 944–45 (9th Cir. 1981); *Chesebrough-Pond's, Inc. v. Faberge, Inc.*, 666 F.2d 393 (9th Cir. 1982)). Under the reasonable apprehension test, "a plaintiff has standing to seek declaratory relief [] if he demonstrates 'a real and reasonable apprehension that he will be subject to liability' if he continues with his course of conduct." *Id.*; *see also WBS, Inc. v. Croucier*, 762 Fed. Appx. 424, 427 (9th Cir. 2019) ("As to standing, a party may seek a declaratory judgment concerning trademark ownership or noninfringement if the party 'has a real and reasonable apprehension that he will be subject to liability.'") (citing *Chesebrough-Pond's, Inc.*, 666 F.2d at 396). "A defendant's explicit threat or other action may create a reasonable apprehension, but courts ultimately apply a 'flexible approach' that 'focuse[s] upon the position and perceptions of the plaintiff.'" *Children's Cerebral Palsy Movement, Inc. v. Sawitz*, 2018 WL 6340754, at *3 (C.D. Cal. Nov. 16, 2018) (citing *Chesebrough-Pond's, Inc.*, 666 F.2d at 396). Courts evaluate a defendant's actions "in view of their likely impact on competition and the risks imposed upon the plaintiff, to determine if the threat perceived by the plaintiff were real and reasonable." *Chesebrough-Pond's, Inc.*, 666 F.2d at 396.

Assuming a justiciable controversy exists, district courts then have discretion in whether to exercise jurisdiction under the Declaratory Judgment Act. *See Wilton v. Seven Falls Co.*, 515 U.S. 277, 289 (1995); *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494–95 (1942). The bounds of that discretion are set forth in the Ninth Circuit's opinions in in *Brillhart v. Excess Insurance Co. of America*, 316 U.S. 491 (1942), and *Government Employee's Insurance Co. v. Dizol*, 133 F.3d 1220 (9th Cir. 1998) (en banc). The court in *Dizol* set forth a number of factors for a district court to consider, pointing to the factors in *Brillhart*. Specifically the Court noted:

> The *Brillhart* factors remain the philosophic touchstone for the district court. The

> district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation. If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court. The pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief. Nonetheless, federal courts should generally decline to entertain reactive declaratory actions.

*Id.* at 1225 (footnote and citations omitted). A district court may also weigh "other considerations," such as:

> whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a "res judicata" advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

*Id.* at 1225 n. 5 (quoting *Am. States Ins. Co. v. Kearns*, 15 F.3d 142, 145 (9th Cir. 1994) (Garth, J., concurring)). Finally, while there is "there is no presumption in favor of abstention in declaratory actions generally," "[i]f there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." *Chamberlain v. Allstate Ins. Co.,* 931 F.2d 1361, 1366–67 (9th Cir. 1991).

### B.     Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss brought pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "tests the legal sufficiency of a claim," and dismissal is "proper if there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011). "To survive a motion to dismiss, the plaintiff's complaint 'must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *Boquist v. Courtney*, 32 F.4th 764, 773 (9th Cir. 2022) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"At this stage, the Court must take all well-pleaded allegations of material fact as true and construe them in the light most favorable to the non-moving party." *Great Minds v. Office Depot,*

7

*Inc.*, 945 F.3d 1106, 1109 (9th Cir. 2019). "[D]etermining whether a complaint states a plausible claim is context specific, requiring the reviewing court to draw on its experience and common sense." *Iqbal*, 556 U.S. at 663–64. "'[I]n practice, a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under *some* viable legal theory.'" *Twombly*, 550 U.S. at 562.

In resolving a Rule 12(b)(6) motion, the Court's review is generally limited to the "allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030–31 (9th Cir. 2008) (internal quotation marks omitted). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Caviness v. Horizon Cmty. Learning Ctr., Inc.*, 590 F.3d 806, 812 (9th Cir. 2010).

To the extent the pleadings can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990); *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013). Federal Rule of Civil Procedure 15(a)(2) advises that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. Proc. 15(a)(2). "This policy is 'to be applied with extreme liberality.'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Bly–Magee v. Cal.*, 236 F.3d 1014, 1019 (9th Cir. 2001).

## VI.   DISCUSSION

The undersigned first addresses the Court's jurisdiction over the present action, before turning to the merits question of whether Plaintiffs have stated a claim.[1]

### A. Lanham Act

In cases where, as here, a plaintiff has invoked "federal question jurisdiction" under 28

---

[1] Plaintiffs highlight that Defendant's motion was brought pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. 11 at 16). While Defendant does not cite Federal Rule of Civil Procedure 12(b)(1) in his motion to dismiss, Defendant does clearly argue that this Court lacks jurisdiction. (MTD 7–9). Moreover, subject matter jurisdiction is not waivable or forfeitable, and this Court has an independent obligation to assure itself of subject matter jurisdiction. *See Ruhrgas AG*, 526 U.S. at 583.

U.S.C. § 1121[2] and 1331, "[a] federal court may dismiss [such a claim] for lack of subject matter jurisdiction 'only if (1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purposes of obtaining jurisdiction; or (2) such a claim is wholly insubstantial and frivolous.'" *Leeson v. Transam. Disability Income Plan*, 671 F.3d at 975. And this inquiry is separate and distinct from a merits decision on whether the Plaintiffs have stated a claim. *See Bell v. Hood*, 327 U.S. 678, 682 (1946) ("For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction.

Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy. *Bell v Hood*, 327 U.S. 678, 682 (1946) ("If the court does later exercise its jurisdiction to determine that the allegations in the complaint do not state a ground for relief, then dismissal of the case would be on the merits, not for want of jurisdiction."). Therefore, the undersigned must determine whether the alleged Lanham Act claim (count five) "appear(s) to be immaterial and solely made for the purposes of obtaining jurisdiction" or "wholly insubstantial and frivolous." In so doing, the undersigned is guided by the guidance that "jurisdictional dismissals in actions predicated on federal questions are 'exceptional.'" *Bell*, 327 U.S. at 682 (citing *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004)).

While Plaintiffs do not characterize their Lanham Act claim, the court construes their allegations as making a claim for false designation of origin, given that they have not alleged registration of the mark at issue. (*See* Compl. ¶¶ 112–15); *see GS Holistic, LLC v. Pudasaini*, No. 23-cv-00753, 2024 WL 710890 at *5 (N.D. Cal. Feb. 21, 2024) (quoting *Iglesia Ni Cristo v. Cayabyab*, No. 18-CV-00561-BLF, 2020 WL 1531349, at *7 (N.D. Cal. Mar. 31, 2020) ("The elements of a claim for false designation of origin under § 1125 are virtually the same as the elements of a claim for trademark infringement under § 1114, although a § 1114 claim requires ownership of a registered trademark while a § 1125 claim does not.")).

---

[2] Because 15 U.S.C. § 1121—the jurisdictional provision for Lanham Act claims—contains the same "arising under" language as appears in section 1331, the Ninth Circuit has held that the principles outlined in the section 1331 cases are equally applicable to section 1121. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485–86 (9th Cir. 1996).

Starting with the jurisdictional question, Defendant contends Plaintiffs' claims fall into the narrow exception of cases where the federal claims alleged "appear to be immaterial and solely made for the purposes of obtaining jurisdiction" or "wholly insubstantial and frivolous." *Leeson*, 671 F.3d at 975; (*see* Doc. 8 at 7). In support of his argument, Defendant points to the District Court's order remanding the prior case involving these parties in which the Court observed that "there was some indication that the purported counterclaims [(including a Lanham Act claim)] are without merit and have only been asserted to avoid remand." *Assemi v. Assemi*, No. 1:23-cv-01741-EPG (Doc. 85 n.1 (quoting *id.* (Doc. 52-1 at 5)); (*see* Doc. 8 at 7). The District Court in that case explained that the "indication" of claims being pled to avoid of remand was that Elevated and Maricopa described their "motive" for seeking leave to add federal claims to their counterclaims "to keep this dispute in a single federal forum that is best suited to efficiently resolve the federal issues implicated in the controversy Kevin Assemi initiated and advanced in this Court." *Assemi v. Assemi*, No. 1:23-cv-01741-EPG (Doc. 85 n.1 (quoting *id.* (Doc. 52-1 at 5)).

While the District Court noted that there was "some indication" that Plaintiffs' Lanham Act claim was "without merit and [had] only been asserted to avoid remand," *id.* (Doc. 85 n.1), even if the undersigned came to a similar conclusion as to Plaintiffs' Lanham Act claim in the present suit, "some indication" does not rise to the level of the claim "*clearly* appear[ing] to be immaterial for purposes of obtaining jurisdiction" or being "*wholly* insubstantial and frivolous." Therefore, the undersigned recommends that the Court find that it has jurisdiction over Plaintiffs' Lanham Act claim.

However, while the undersigned recommends that the Court find it has jurisdiction over the Lanham Act claim, the undersigned also recommends that, on the merits, the Court determine that the Plaintiffs' have not stated a claim.[3] To succeed on a false designation of origin claim under the Lanham Act, a plaintiff must show: "(1) defendant uses a designation (any word, term, name,

---

[3] While Plaintiffs' point to the fact that Defendant has not made substantive arguments that Plaintiffs' have failed to state a claim, (Doc. 11 at 16), the undersigned notes that pursuant to Rule 12(b)(6), a court may dismiss a claim *sua sponte* for failure to state a claim when the plaintiff "cannot possibly win relief." *Omar v. Sea–Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (citing *Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir.1981)), and that a court may do so even when the defendant has not made a motion to dismiss. *Id.*; *Orozco v. Experian Info. Sols.*, No. 2:12-CV-00955-MCE, 2012 WL 2799681, at *4 (E.D. Cal. July 9, 2012).

10

device, or any combination thereof) or false designation of origin; (2) the use was in interstate commerce; (3) the use was in connection with goods or services; (4) the designation or false designation is likely to cause confusion, mistake, or deception as to (a) the affiliation, connection, or association of defendant with another person, or (b) as to the origin, sponsorship, or approval of defendant's goods, services, or commercial activities by another person; and (5) plaintiff has been or is likely to be damaged by these acts." *Summit Tech., Inc. v. High–Line Med. Instruments, Co.*, 933 F. Supp. 918, 928 (C.D. Cal. 1996). Based on a review of the complaint, the undersigned concludes that even taking all facts in the light most favorable to the Plaintiffs, the Plaintiffs have failed to show that use of a designation or false designation was "use[d] in commerce" as defined in 15 U.S.C. § 1127.

Section 1127 defines use in commerce as when a mark is used either:

(1) on goods when

> (a) it is placed in any manner *on the goods or their containers or the displays associated therewith or on the tags or labels affixed thereto*, or if the nature of the goods makes such placement impracticable, then on documents associated with the goods or their sale, and
>
> (b) the goods are sold or transported in commerce, and

(2) on services when it is used or displayed in the *sale or advertising of services* and the services are rendered in commerce, or the services are rendered in more than one State or in the United States and a foreign country and the person rendering the services is engaged in commerce in connection with the service.

15 U.S.C. § 1127 (emphasis added). While Plaintiffs allege use of a false designation in the context of payment of services and goods rendered, there is no allegation that the alleged false designation was used on "goods or their containers or the displays associated therewith or on the tags or labels affixed thereto" or in the "sale or advertising of services."[4] *Id.* Therefore, the undersigned finds that the Plaintiffs have failed to state a claim under the Lanham Act.

**B.     Declaratory Judgment Act**

Turning to the Plaintiffs' Declaratory Judgment Act claims, the Court must determine (1) whether there is an actual case or controversy and, if so, (2) whether to exercise its jurisdiction over

---

[4] There are also no allegations supporting a finding that the placing of a mark on the goods, their containers, their displays, or on the tags or labels on goods would have been impracticable.

11

such claims. *See Principal Life Ins. Co.*, 394 F.3d at 669.

Starting with the question of whether there is an actual case or controversy, the undersigned applies the "reasonable apprehension test" set forth by the Ninth Circuit. *See San Diego Cnty. Credit Union*, 65 F.4th at 1023. Courts within the Ninth Circuit have found the reasonable apprehension test satisfied where plaintiffs alleged facts that defendants engaged in actions or communications that explicitly or implicitly threatened liability. *See, e.g.*, *Rhoades*, 504 F.3d at 1158 (finding that plaintiff alleged facts supporting "reasonable apprehension" where "[defendant's] lawyer specifically threatened a trademark infringement suit at a meeting; [] [defendant's] counsel wrote a letter threatening 'additional proceedings or litigation' [] and [] [defendant's] counsel told [plaintiff's] counsel that [defendant] would not give up its right to damages"); *Shloss v. Sweeney*, 515 F. Supp. 2d 1068, 1077 (N.D. Cal. 2007) ("Plaintiff has a real and reasonable apprehension [because] Defendants repeatedly wrote to Plaintiff and her Publisher, purportedly denying Plaintiff permission to use materials that she planned to include in her book and reiterating the clear, if implicit, threats of litigation previously described."). Here, Defendant has done more than threaten liability. In the previously filed suit, Defendant brought claims against Plaintiffs alleging liability on the same theories of liability for which the Plaintiffs now seek declaratory relief. *Assemi v. Assemi*, No. 1:23-cv-01741-EPG (Doc. 26). Therefore, the undersigned recommends the Court conclude that the Plaintiffs' Declaratory Judgment Act claims present an actual case or controversy under the reasonable apprehension test.

Next, the undersigned must consider whether the Court should, in its discretion, exercise jurisdiction over these claims. The Court's discretion is guided by the so-called *Brillhart* factors, along with *Brillhart* progeny. *See Brillhart*, 316 U.S. 491, *Dizol*, 133 F.3d at 1223; *see also Kearns*, 15 F.3d at 114.

The *Brillhart* factors "remain the philosophic touchstone for the district court" and provide that the court should: "avoid duplicative litigation"; "discourage litigants from filing declaratory actions as a means of forum shopping"; and "avoid needless determination of state law issues." *Dizol*, 133 F.3d at 1225. Other considerations include: "whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in

clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a '*res judicata*' advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems." *Id.* at 1225 n.5 (quoting *Kearns*, 15 F.3d at 145). Essentially, the district court "must balance concerns of judicial administration, comity, and fairness to the litigants." *Chamberlain v. Allstate Ins. Co.*, 931 F.2d 1361, 1367 (9th Cir. 1991). And while there is "there is no presumption in favor of abstention in declaratory actions generally," "[i]f there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court." *Chamberlain v. Allstate Ins. Co.,* 931 F.2d 1361, 1366–67 (9th Cir. 1991).

As an initial matter, the Court notes that that presumption of abstention applies here because there is pending state litigation between the parties involving the same issues. Turning to the *Brillhart* factors, because the undersigned recommends dismissing the Lanham Act claim, declining to exercise jurisdiction over the declaratory actions would avoid duplicative litigation and avoid federal decision of state law issues. Further, declining to exercise jurisdiction over these claims would serve the interest of discouraging litigants from forum shopping, as Plaintiffs could have asserted their RICO and trade secrets claims, as well as their state law claims, in state court. *See Assemi v. Assemi*, No. 1:23-cv-01741-EPG (Doc. 85 n.1 (citing *Tafflin v. Levitt*, 493 U.S. 455, 467 (1990))); *United InvestexUSA 7 Inc. v. Miller*, No. 820CV02308JVSADS, 2021 WL 6804224, at *3 (C.D. Cal. Nov. 10, 2021). Therefore, the undersigned recommends that the Court decline to exercise its discretion over Plaintiffs' Declaratory Judgment Act claims.

**C.     Supplemental Jurisdiction**

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). The Supreme Court has cautioned, however, that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Although

the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. *See* 28 U.S.C. § 1367. In the absence of any cognizable federal claims, the Court recommends that the District Court decline to exercise supplemental jurisdiction over Plaintiffs' state law claims.

## VII. LEAVE TO AMEND

When dismissing a complaint, the Ninth Circuit has stated that "leave to amend should be granted unless the district court determines that the pleading could not possibly be cured by the allegation of other facts." *Bly–Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal quotation marks omitted); *Chang v. Chen*, 80 F.3d 1293, 1296 (9th Cir. 1996). Because leave to amend should be freely granted and because Plaintiff may be about to allege further facts to state a claim, the undersigned recommends that the Plaintiff be given leave to amend.

## VIII. CONCLUSION

For the foregoing reasons, the undersigned ORDERS that the hearing on this motion scheduled for May 28, 2025 be VACATED. The undersigned further RECOMMENDS that Defendant's Motion to Dismiss (Doc. 8) be GRANTED with leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendation with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:     **April 16, 2025**                          /s/ *Sheila K. Oberto*
                                                       UNITED STATES MAGISTRATE JUDGE